UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTER KEVIN GUY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-21 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On March 23, 2011, the Court held an initial pre-trial conference in the above styled action. Finding that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983, the Court DISMISSED Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provides that a plaintiff's claims brought pursuant to an in forma pauperis complaint may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See §1915(e)(2)(B).

The Court finds that all of Plaintiff's claims fail to state a claim or are frivolous, warranting dismissal under Section 1915(e)(2)(B).

Plaintiff's claims against Defendants ColorTyme, Inc. and Ricardo Gallegos are without merit because neither of these Defendants is a state actor. See Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985) (the complaint fails to state a claim pursuant to § 1983 where "[a]ll of the defendants ... are private persons or privately owned corporations").

Plaintiff's claims against Defendants Mark Skurka and Kim Hobbs are without merit because prosecutors are immune from suit for actions taken in the scope of their prosecutorial

duties. Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)).

Plaintiff's claims against Judge Vargas are likewise barred by judicial immunity principles. See Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted).

Plaintiff's claim against the Corpus Christi Police Department fails because the department is not a separate legal entity subject to suit. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (police department is a servient political agency of city or county and not a separate legal entity subject to suit).

Plaintiff's claim for false arrest based on his April 10, 2010 arrest fails because, among other things, Plaintiff has not shown that the arrest has been vacated or set aside. The charges are still pending. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a civil rights action which attacks the validity of state confinement that has not been reversed, expunged invalidated or called into question is not cognizable pursuant to § 1983).[1] Plaintiff's claims for "verbal assault" by Officers Neal and Alvarez are not cognizable under § 1983. See Bender v. Brumley, F.3d 271, 274 n.4 (5th Cir. 1993) (citation omitted).[2]

Lastly, Plaintiff's claims for deliberate indifference to serious medical needs are without merit because, among other things, Plaintiff does not actually allege that he was either denied medical care or ignored by medical personnel. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (holding that a mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment.); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the

---

[1] As to Plaintiff's false arrest claim based on the July 30, 2010 incident, Plaintiff admitted he was not actually arrested; nor were criminal charges filed against him. (D.E. 11, Ex. 2.)

[2] Indeed, Plaintiff has had a similar claim previously dismissed for the same reason. See Guy v. Briones, No. C-07-473, 2008 WL 3538684, at *1 (S.D. Tex. Aug. 8, 2008) (unpublished).

eighth amendment and does not provide the basis for a civil rights action."), abrogated on other grounds by Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

    For all of the reasons stated above, the Court decided to dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may re-file if he is able to state a cause of action under federal law.

    SIGNED and ORDERED this 24th day of March, 2011.

                                           Janis Graham Jack
                                           United States District Judge